IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

TYLER FRANKLIN, Individually,
and as Administrator of the Estate of
JOHN HUNTER FRANKLIN,

            Plaintiff,

v.                                                        CIVIL ACTION NO. 3:23-0608

PRIMECARE MEDICAL OF WEST VIRGINIA, INC.;
WEST VIRGINIA DIVISION OF CORRECTIONS AND
REHABILITATION; and
JOHN/JANE DOE CORRECTIONAL OFFICERS,

            Defendants.

**MEMORANDUM OPINION AND ORDER**

On February 11, 2025, Plaintiff Tyler Franklin, individually, and as Administrator of the Estate of John Hunter Franklin, filed for a Petition and Application for Permission to Settle the Wrongful Death Claim of John Hunter Franklin against Defendant PrimeCare Medical of West Virginia, Inc. (PrimeCare). ECF No. 59. The exhibits detailing the terms of the settlement were filed under seal. ECF No. 64. Defendant West Virginia Division of Corrections and Rehabilitation (WVDCR) argues it is entitled to know the terms of the settlement to assess whether the settlement is made in good faith and for purposes of contractual indemnity with PrimeCare.

In Response, both PrimeCare and Plaintiff argue that the WVDCR does not have standing to object to or prevent the proposed settlement. Specifically, PrimeCare states that the WVDCR has not asserted a cross-claim for contractual indemnity against it. Moreover, PrimeCare argues that terms of its settlement with Plaintiff are irrelevant to the WVDCR's defenses and rights.

*Def. PrimeCare Med. of WV, Inc.'s Resp. to Def. WVDCR's Resp. to Show Cause Or.*, 2-3, ECF No. 70 (citing W. Va. Code § 55-7-13d(a)(3), stating, in part "[w]here a plaintiff has settled with a party or nonparty before verdict, that plaintiff's recovery will be reduced in proportion to the percentage of fault assigned to the settling party or nonparty, rather than by the amount of the nonparty's or party's settlement"). Additionally, Plaintiff argues his settlement with PrimeCare is irrelevant to his claims against the WVDCR as his action against PrimeCare is for medical negligence and malpractice and his claims against the WVDCR are for civil rights and state law violations.

Upon review, the Court agrees with Plaintiff and PrimeCare that the WVDCR has no standing to challenge their settlement. The Court finds there is no cross-claim by the WVDCR and no pending discovery requests to obtain information about the settlement. Therefore, the Court declines to require the disclosure of those terms at this time. However, the Court takes no position on whether the terms of the settlement ultimately will be discoverable.

Accordingly, the Court **APPROVES** the settlement between Plaintiff and PrimeCare and shall enter a modified version of the Final Order Approving Settlement of Estate Claim submitted to the Court.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented parties.

ENTER:   March 11, 2025

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE