IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

TYLER FRANKLIN, Individually,
and as Administrator of the Estate of
JOHN HUNTER FRANKLIN,

                Plaintiff,

v.                                                     CIVIL ACTION NO. 3:23-0608

WEST VIRGINIA DIVISION OF CORRECTIONS AND
REHABILITATION; and
JOHN/JANE DOE CORRECTIONAL OFFICERS,

                Defendants.

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is Defendant West Virginia Division of Corrections and Rehabilitation's Renewed Motion to Dismiss Plaintiff's Amended Complaint (ECF No. 34) and a Motion to Stay Discovery Pending Resolution of Renewed Motion to Dismiss. ECF No. 44. Plaintiff Tyler Franklin, individually and as Administrator of the Estate John Hunter Franklin, opposes the motion. For the following reasons, the Court agrees with Defendant and **GRANTS** the Motion to Dismiss and **DENIES AS MOOT** its Motion to Stay Discovery.

**I.
FACTUAL ALLEGATIONS
AND BACKGROUND**

Plaintiff filed this action in September 2023 against the West Virginia Division of Corrections and Rehabilitation (WVDCR), PrimeCare Medical, Inc., PrimeCare Medical of West Virginia, Inc., PsiMed, Inc., and John/Jane Doe Correctional Officers. Two months later, Plaintiff filed an Amended Complaint in which he dropped PrimeCare Medical, Inc. as a Defendant. The

WVDCR then filed a Motion to Dismiss the Amended Complaint but, before the Court was able to rule on the motion, PrimeCare Medical of West Virginia, Inc. filed a Suggestion of Bankruptcy. Therefore, the Court stayed the action and denied the WVDCR's motion without prejudice. After the bankruptcy proceedings ended, the Court lifted the stay, and the WVDCR filed a Renewed Motion to Dismiss and its Motion to Stay Discovery. Subsequently, the parties entered a Stipulation of Dismissal as to PsiMed, Inc., and PrimeCare Medical of West Virginia, Inc. entered into a settlement agreement with Plaintiff. As a result, the only Defendants remaining are the WVDCR and the John/Jane Doe Correctional Officers.

In the Amended Complaint, Plaintiff alleges that his brother, John Franklin Hunter, was incarcerated on January 18, 2021, and was "under custody and control of the WVDCR" at the Western Regional Jail. *Am. Compl.* ¶ 19, 21. According to Plaintiff, his brother suffered from significant mental illness and scored high for a risk of suicide. *Id.* ¶¶22-30. As a result, he was placed on suicide watch. Despite obvious signs of mental illness and just days earlier saying he was suicidal, he was found to be stable on January 26, 2021, and taken off suicide watch. *Id.* ¶¶41, 47, 52, 54, 57. Plaintiff asserts that Defendants failed to complete timely and appropriate follow-up care, and his brother ultimately committed suicide on September 13, 2021. *Id.* ¶¶59-82. Plaintiff then filed this action against Defendants, and the WVDCR argues, in part, that it is entitled to sovereign immunity under the Eleventh Amendment to the United States Constitution.

## II.
## STANDARD OF REVIEW

It is firmly established that the Eleventh Amendment bars an individual citizen from bringing a suit in federal court against a sovereign state. *Roach v. W. Va. Reg'l Jail & Corr. Facility Auth.*, 74 F.3d 46, 48 (4th Cir. 1996) (citation omitted); *see also Port Auth. Trans–Hudson Corp.*

*v. Feeney*, 495 U.S. 299, 304 (1990) (construing the Eleventh Amendment "to establish that an unconsenting State is immune from suits brought in federal courts by her own citizens as well as by citizens of another state" (internal quotation marks and citation omitted)). Sovereign immunity is "not a true limit on the subject-matter jurisdiction of federal courts, the Eleventh Amendment is a block on the exercise of that jurisdiction." *Id*. (quotation marks and citations omitted). "Given this nexus between subject matter jurisdiction and sovereign immunity, the Fourth Circuit has not yet resolved whether a motion to dismiss based on sovereign immunity is properly considered pursuant to Rule 12(b)(1) or Rule 12(b)(6)." *A.M. v. Demetro*, Civ. Act. No. 2:22-00421, 2024 WL 218139, at *1 (S.D. W. Va. Jan. 19, 2024) (citation omitted). In light of this uncertainty, the WVDCR has moved to dismiss under both Rules. Although there is some dispute as to what Rule applies, "'[t]he recent trend . . . appears to treat Eleventh Amendment immunity motions under Rule 12(b)(1).'" *Cornell v. W. Virginia Div. of Corr. & Rehab.*, Civ. Act. No. 2:24-00120, 2024 WL 4368991, at *3 (S.D. W. Va. Oct. 1, 2024) (quoting *Skaggs v. W. Reg'l Jail*, Civ. Act. No. 3:13-3293, 2014, WL 66645, at *4 (S.D. W. Va. Jan. 8, 2014) (internal quotation marks and citations omitted)); *cf. A.M.*, 2024 WL 218139, *1 (stating "when a party challenges the sufficiency—rather than truthfulness—of a complaint's allegations to sustain the court's jurisdiction, as done here, the court must accept the allegations as true and proceed to consider the motion as it would a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)" (internal quotation marks and citations omitted)).

A challenge under Rule 12(b)(1) may be raised as either a "facial attack" or a "factual attack." *Thigpen v. United States*, 800 F.2d 393, 401 n.15 (4th Cir. 1986) (Murnaghan, J., concurring), *rejected on other grounds*, *Sheridan v. United States*, 487 U.S. 392 (1988). A "facial

attack" asks whether the pleadings, without additional evidence, are sufficient. *Id*. On the other hand, a "factual attack" questions the truthfulness of the complaint's factual allegations, and the court may consider evidence outside the pleadings to make its determination. *Id*. The burden of proving subject matter jurisdiction rests on the party invoking it, and dismissal "is proper only if there is no dispute regarding the material jurisdictional facts and the moving party is entitled to prevail as a matter of law." *Cornell*, 2024 WL 4368991, at *3 (citations omitted).

Pursuant to Rule 12(b)(6), the Court must accept as true all well-pleaded facts in the complaint, but it does not accept the plaintiff's legal conclusions. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). A complaint that does not allege "enough facts to state a claim to relief that is plausible on its face" must be dismissed. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In making its decision, the Court must "draw on its judicial experience and common sense" to determine if the plaintiff has stated a plausible claim for relief. *Iqbal*, 556 U.S. at 679.

Here, the Court finds that, irrespective of whether the Court considers the WVDCR's Eleventh Amendment challenge as a "facial attack" under Rule 12(b)(1) or as a failure to state a plausible claim under Rule 12(b)(6), the result is the same and the action against the WVDCR must be dismissed.

## III.
## DISCUSSION

In the Amended Complaint, Plaintiff names the WVDCR in the headings of Counts I through V. These claims are: Count I—Deliberate Indifference in Violation of 42 U.S.C. § 1983;

Count II—Negligent Training and Supervision; Count III—Negligence; Count IV—State Law Violations; and Count V—Vicarious Liability.[1] Although Plaintiff disputes that the § 1983 action was actually brought against the WVDCR, the Court finds resolution of this dispute is unnecessary because, to the extent those claims are against the WVDCR, they must be dismissed under the Eleventh Amendment.

Although the Eleventh Amendment is a bar to suit against a state and its agencies in federal court, its force "is not absolute." *Port Auth. Trans–Hudson Corp.*, 495 U.S. at 304. There are three narrow exceptions. First, "Congress may abrogate the States' Eleventh Amendment immunity when it both unequivocally intends to do so and acts pursuant to a valid grant of constitutional authority." *Bd. of Trs. of Univ. of Ala. v. Garrett*, 531 U.S. 356, 363 (2001) (internal quotation marks and alterations omitted). Second, "the Eleventh Amendment permits suits for prospective injunctive relief against state officials acting in violation of federal law." *Frew ex rel. Frew v. Hawkins*, 540 U.S. 431, 437 (2004) (citation omitted). Third, a State may waive immunity and consent to being sued. *Lapides v. Bd. of Regents of Univ. Sys. of Ga.*, 535 U.S. 613, 618 (2002) (citation omitted). In his Response, Plaintiff concedes that "none of these exceptions to the Eleventh Amendment protections apply to this case." *Pl.'s Resp.*, at 9, ECF No. 40. The Court agrees.

---

[1] In addition to arguing these claims must be dismissed under the Eleventh Amendment, the WVDCR argues: it is not a "person" and, therefore, not subject to suit under 42 U.S.C. § 1983; it is entitled to qualified immunity from claims II through V; Plaintiff failed to state a plausible claim in Counts II through V; and Plaintiff's claim for punitive damages is statutorily barred. As the Court finds that the WVDCR is entitled to sovereign immunity as to all claim, it declines to address these other arguments.

The Court also finds this case significantly parallels the Honorable Thomas E. Johnston's decision in *A.M.*, 2024 WL 218139. Similar to this case, the plaintiff in *A.M.*, who is represented by some of the same counsel as in this case, alleged claims of negligence, negligent training, negligence supervision, negligent retention, vicarious liability, deliberate indifference, and outrage, and the WVDCR moved to dismiss under the Eleventh Amendment. 2024 WL 218139, at *1. In response to the WVDCR's motion, the plaintiff argued, like here,[2] "that the Eleventh Amendment only applies to claims seeking monetary damages for constitutional violations, which are not asserted against WVDCR in this matter." *Id*. at *3 (internal quotation mark and citation omitted). Judge Johnston rejected the plaintiff's argument on two grounds.

First, Judge Johnston recognized that the plaintiff's argument was directly contrary to the language of the Eleventh Amendment, "which bars 'any suit in *law or equity*.'" *Id*. (quoting U.S. Const. amend. XI; italics added in *A.M.*). Moreover, he recognized that case law supports Eleventh Amendment protections "beyond constitutional claims." *Id*. (citations omitted).

Second, Judge Johnston addressed the two cases cited by the plaintiff, *Carroll v. West Virginia Regional Jail & Correctional Facility Authority*, Civ. Act. No. 3:14-17012, 2015 WL 1395886 (S.D. W. Va. Mar. 25, 2015), and *Roach v. Burke*, 825 F. Supp. 116 (N.D. W. Va. 1993). *Id*. Judge Johnston noted that, not only are these cases non-binding, but the plaintiff also did not provide any pinpoint cite or explain how these cases supported her position. *Id.* Worse yet, he found the plaintiff's analysis "of both cases is patently wrong." *Id.* In *Carroll*, the court found

---

[2] *Pl.'s Resp.*, at 9.

the Regional Jail and Correctional Facility Authority and the Jail Administrator, in his official capacity, were entitled to Eleventh Amendment immunity,[3] and the district court in *Roach* "held that the Eleventh Amendment barred the plaintiff's claims under 42 U.S.C. § 1983 without even conducting an in-depth analysis of the scope of Eleventh Amendment sovereign immunity." *Id*. (citing *Roach*, 825 F. Supp. at 117). As a result, Judge Johnston stated the plaintiff's assertion that "these cases limit the scope of Eleventh Amendment protections to constitutional violations is spurious at best, if not patently misleading." *Id.* This Court agrees with that conclusion and finds Plaintiff's argument in this case that the Eleventh Amendment only applies to claims for constitutional violations seeking monetary damages is equally flawed.

### III.
### CONCLUSION

Accordingly, for the foregoing reasons, the Court finds, as did Judge Johnston in *A.M.*, that the WVDCR is entitled to sovereign immunity under the Eleventh Amendment and **GRANTS** its Renewed Motion to Dismiss Plaintiff's Amended Complaint (ECF No. 34) and **DENIES AS MOOT** its Motion to Stay Discovery Pending Resolution of Renewed Motion to Dismiss. ECF No. 44. Given the WVDCR's dismissal, the only Defendants remaining are the John/Jane Doe Correctional Officers. As those Defendants have not been identified, the Court **DIRECTS** Plaintiff to file a pleading **on or before April 7, 2025**, explaining whether it intends to pursue its action against these unnamed Defendants.

---

[3]*Carroll*, 2015 WL 1395886, at *2.

-8-

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented parties.

        ENTER:    March 24, 2025

        ROBERT C. CHAMBERS
        UNITED STATES DISTRICT JUDGE